NOT DESIGNATED FOR PUBLICATION

No. 113,631

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEROME DOMINIC HEITZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed December 23, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Jerome Dominic Heitz appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Heitz' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response and requested that the district court's judgment be affirmed.

Following a guilty plea, Heitz was convicted of one count of sale of marijuana, a severity level 3 drug felony. The district court sentenced Heitz to 40 months' imprisonment but granted a dispositional departure to probation with community corrections for 18 months.

1

At a hearing on February 17, 2015, Heitz stipulated to violating several conditions of his probation, including failing to report to his probation officer and committing a new crime of aggravated battery in Wyandotte County. Heitz asked for reinstatement to probation, arguing that he had served a significant amount of time on his new conviction and the structure of a residential center would help him be able to contribute to society upon his release. The district court revoked Heitz' probation and ordered him to serve his underlying prison sentence. Heitz appealed.

On appeal, Heitz contends that the district court erred "by revoking probation and ordering service of the underlying prison sentence." Heitz acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court showed leniency on Heitz by initially granting a dispositional departure to probation. In revoking the probation, the district court noted that Heitz used a handgun in the commission of a new crime. Because Heitz committed the new crime of aggravated battery while on probation, the district court was not required to consider an intermediate sanction before revoking the probation. See K.S.A. 2014 Supp. 22-3716(c)(8). The district court's decision to revoke Heitz' probation was not

2

arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Heitz' probation and ordering him to serve his underlying prison sentence.

Affirmed.